UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW KRIVAK, JR.,

                Plaintiff,

      -v-

PUTNAM COUNTY, et al.,

                Defendants.

23-CV-06960 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff Andrew Krivak, Jr. ("Plaintiff") brings this civil rights action, alleging that he was wrongfully convicted as a result of the misconduct of Putnam County Sheriff's Department and the Putnam County District Attorney's Office and certain of the employees and agents of these offices, and against named individual employees and agents of these offices (collectively, "Defendants"). (*See* Compl. (Dkt. No. 1).) Denise Rose, who testified at Plaintiff's trial as a witness to the events for which he was prosecuted, is one of the named Defendants. (*Id.* at 1, 5.) Plaintiff alleges in his complaint that Rose, among other things, conspired with County officials to give false and conflicting testimony and to intentionally perjure herself at Plaintiff's trial. (*Id.* at 5–6, 95.)

      In a letter docketed September 29, 2023, Rose requested that the Court appoint pro bono counsel on her behalf. (*See* Defendant's Application for Appointment of Counsel ("Application") (Dkt. No. 50).) Rose alleges that she is unable to answer the complaint because she is "not a lawyer" and "could never afford to hire one to defend [her]." (*Id.* at 1.) She asks that her letter be accepted "as an answer to the complaint and a denial of all the allegations." (*Id.*) In addition, Rose requests this Court to "appoint an attorney to represent [her]

because "that would be fair and just." (*Id.*) For the following reasons, Defendant's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the defendant appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as defendant's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the [defendant] be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A [defendant] requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Rose fails to demonstrate why she would be unable to defend herself. Plaintiff's primary allegations against Rose relate to actions she took in connection with Plaintiff's wrongful conviction, including conspiring with County officials to give false and conflicting testimony and to intentionally perjure herself at Plaintiff's trial. (*Id.* at 5–6, 95.) These claims "are not so complex or unique that a person of [Rose's] intelligence would be unable to handle them." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Rose "likely has a good command of the relevant facts because the underlying fact[s]" relate to testimony she gave and actions she allegedly participated in. *LS Home Servs., Inc. v. Blackman Plumbing Supply Co.*, No. 10-CV-1984, 2012 WL 13098292, at *2 (E.D.N.Y. Nov. 2, 2012). "Volunteer lawyer time is a precious commodity," and "courts should not grant . . . applications [for appointment of pro bono counsel] indiscriminately." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In light of these considerations, the Court is not convinced

3

that appointing counsel for Rose at this stage would be a wise use of these limited resources. *See Jackson v. Francis*, 646 F. Supp. 171, 172 (E.D.N.Y. 1986) (declining to appoint counsel where the pro se litigant was able to "adequately to present his case at trial even without the assistance of counsel," in part due to "the straightforward and relatively simple nature of the legal and factual issues [to] be presented at trial").

For the reasons stated above, Rose's request for assignment of counsel is denied without prejudice. Rose may renew her request and provide the Court with additional information regarding her circumstances, if they materially change. Rose is granted an additional thirty days from the date of this Order to submit her answer to Plaintiffs' Complaint.

The Clerk is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 4, 2023
      White Plains, New York

                                                                      KENNETH M. KARAS
                                                                   United States District Judge