# PORTALE | RANDAZZO

October 27, 2023

**Via ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

      Re:    Andrew Krivak, Jr. v. Putnam County, et al.
              23 Civ. 6960 (KMK)

Dear Judge Karas:

      This firm represents the County of Putnam, Sheriff Robert Thoubboron, Investigators Harold Turner, Daniel Stephens, Patrick Castaldo, William Quick, John Daniel Rees, and William Asher, Putnam County District Attorneys Robert V. Tendy and Kevin Wright, and Putnam County Assistant District Attorneys Larry Glasser, Chana Krauss and Christopher York, and District Attorney Investigator Ralph Cilento in the above-mentioned matter. I write to request that the Court schedule a pre-motion conference as Defendants Putnam County District Attorneys Robert V. Tendy and Kevin Wright, and Putnam County Assistant District Attorneys Larry Glasser, Chana Krauss and Christopher York seek to move to dismiss the complaint as against them for failure to state a claim.

      Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 and alleges violations of his civil rights stemming from the investigation and prosecution that led to his conviction in June 1997 for the rape and murder of Josette Wright. A re-trial in 2023 resulted in Plaintiff's acquittal after he spent more than 25 years in incarceration. Plaintiff alleges that the Defendants maliciously prosecuted him, deprived him of his liberty without due process by denying him a fair trial, and collectively conspired to achieve those ends. Plaintiff also asserts that certain individual defendants are liable under a theory of supervisory liability and failing to intervene. Further, Plaintiff alleges that the County is liable under *Monell* because its customs, practices and/or policies caused the deprivation of Plaintiff's rights. Plaintiff also brings corollary state law claims of malicious prosecution and seeks to hold the County liable under *respondeat superior*.

<u>Plaintiff Fails to State a Claim Against the County District Attorney and Assistant District Attorney Defendants</u>

Plaintiff's Complaint fails to state claims against the Defendants Tendy, Wright, Glasser, Krauss and York as they are cloaked with prosecutorial immunity from Plaintiff's federal and state law claims. Authority within the Second Circuit is legion that prosecutors, in their individual capacity, are immune from suit under § 1983 for acts committed within the scope of their official duties and where such acts are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). Further, these prosecutors are absolutely immune from suit for acts that may be administrative obligations but that are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claims against these Defendants stem from their alleged conduct relating to the District Attorneys prosecutions of Plaintiff in 1996-1997 and 2023. Specifically, Plaintiff claims that the prosecutors "committed fraud; fabricated evidence; suborned perjury; withheld and concealed evidence; misrepresented or ignored exculpatory evidence; and failed to conduct a constitutionally adequate investigation…" *See* Complaint at ¶ 18.

Plaintiff alleges that former D.A. Wright violated his rights by failing to disclose allegedly exculpatory information to Mr. Krivak and thus denied his right to a fair trial under *Brady*. Plaintiff's claims against Wright are limited to his 1996 prosecution. *Id.* at ¶¶ 58-62. Plaintiff fails to allege facts that plausibly establish that Wright fabricated evidence. The due process claims against Wright must be dismissed for failure to state a claim because he enjoys immunity, and second, because there are no facts establishing his personal involvement in any fabrication of evidence.

Plaintiff's claims against D.A. Tendy, A.D.A. Krauss and former A.D.A. Glasser stem from their prosecutorial actions after Plaintiff's 1997 conviction and include claims arising from the continued prosecution of Plaintiff in 2023, including his re-trial. *Id.* at ¶¶ 64-74. Prosecutorial immunity bars these claims.

Moreover, Plaintiff fails to allege facts to establish the personal involvement of A.D.A. Krauss in any fabrication of evidence, so this aspect of Plaintiff's due process claim should be dismissed as against her.

Plaintiff's allegations concerning A.D.A. Christopher York fail to establish that York is a state actor. Instead, it appears that Plaintiff brings a § 1983 conspiracy claim against York as a private citizen who allegedly conspired with state actors to violate Plaintiff's rights. If so, then the § 1983 failure to intervene claim must be dismissed against York because he has no obligation to intervene as he is not a state actor. Moreover, each of Plaintiff's federal causes of action are pleaded against all Defendants. Plaintiff fails to plead facts establishing York's personal involvement in any due process claim, so that claim should be dismissed against York. Further, York cannot be held liable under a § 1983 supervisory liability theory because, as Plaintiff admits, he was a private citizen and not a state actor at the time of his alleged conduct. *Id.* at ¶ 75.

Based on the foregoing, Defendants Robert V. Tendy, Kevin Wright, Larry Glasser, Chana Krauss, and Christopher York request that Your Honor schedule a pre-motion conference to further address their putative motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

/s/ James A. Randazzo

James A. Randazzo

cc: Counsel of record (via ECF)