UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ANDREW KRIVAK, JR.,

                Plaintiff,

   -against-

PUTNAM COUNTY; Putnam County Sheriff's Department
Sheriff ROBERT THOUBBORON, in his individual capacity;
Putnam County Sheriff's Department Officers HAROLD
TURNER, DANIEL STEPHENS, PATRICK CASTALDO,
WILLIAM QUICK, JOHN DANIEL REES, WILLIAM
ASHER in their individual capacities; Putnam County District
Attorneys ROBERT V. TENDY and KEVIN WRIGHT, in
their individual capacities; Putnam County Assistant District
Attorneys LARRY GLASSER; CHANA KRAUSS; and
CHRISTOPHER YORK, in their individual capacities; District
Attorney Investigator RALPH CILENTO in his individual
capacity; and DENISE ROSE,

                Defendants.

---------------------------------------------------------------------X

**DEFENDANTS PUTNAM
COUNTY, THOUBBORON,
TURNER, STEPHENS,
CASTALDO, QUICK, REES,
ASHER, AND CILENTO'S
ANSWER TO PLAINTIFF'S
COMPLAINT**

23-CV-06960 (KMK)

For the Answer to Plaintiff's Complaint, Docket Entry No. 8, dated August 9, 2023, in the above-entitled case, Defendants PUTNAM COUNTY, Putnam County Sheriff's Department Sheriff ROBERT THOUBBORON, Putnam County Sheriff's Department Officers HAROLD TURNER, DANIEL STEPHENS, PATRICK CASTALDO, WILLIAM QUICK, JOHN DANIEL REES, and WILLIAM ASHER, and District Attorney Investigator RALPH CILENTO, by their attorneys Portale Randazzo LLP, say:

## **INTRODUCTION**

1.     Deny knowledge or information sufficient to form a belief as to the truth of this allegation, but admit that Plaintiff was incarcerated for more than 20 years for the rape and murder of Josette Wright.

2.     Deny knowledge or information sufficient to form a belief as to the truth of this allegation.

3.     Deny the allegations in this paragraph.

1

4. Deny the allegations in this paragraph.

5. Deny the allegations in this paragraph.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that: DiPippo was convicted for the rape and murder of Josette Wright and was incarcerated for nearly 20 years, then was acquitted in 2016. Admit that DiPippo filed a federal lawsuit asserting claims, including malicious prosecution, under § 1983 and that suit was settled.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was re-tried in the criminal matter after 2019.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Deny the allegations in this paragraph.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Deskovic prevailed in his federal civil rights lawsuit and obtained a verdict against Defendant Stephens under § 1983 and a jury award of $42,650,000.

11. Deny the allegations in this paragraph.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Deny the allegations in this paragraph.

16. Deny the allegations in this paragraph.

17. Deny the allegations in this paragraph.

18.     Deny the allegations in this paragraph, but admit that Plaintiff was acquitted on February 27, 2023.

19.     Deny the allegations in this paragraph.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted on February 27, 2023.

## JURISDICTION AND VENUE

21.     Admit.

22.     Deny knowledge or information sufficient to form a belief as to the truth of this allegation and refer all question of law to this Honorable Court.

23.     Admit.

## JURY DEMAND

24.     This paragraph sets forth a jury demand and does not require a response. Defendants also request a trial by jury on all issues and claims set forth in Plaintiff's Complaint.

## PARTIES

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff and DiPippo were arrested and charged, on or about July 1, 1996, for raping and murdering Josette Wright, that Plaintiff was convicted of said crimes on April 16, 1997 and that he was subsequently acquitted after a second trial on February 27, 2023.

26.     Deny the allegations in this paragraph but admit that the PCSD provided law enforcement services for the County.

27.     Deny the allegations in this paragraph but admit that Thoubboron previously served as Sheriff of the PCSD, including during the Josette Wright investigation and Plaintiff's first criminal trial in 1997.

28.     Deny the allegations in this paragraph.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Thoubboron lost an election for Putnam County Sherriff in 2001.

30.     Admit.

31.     Deny the allegations in this paragraph, but admit that Turner previously supervised the PCSD Bureau of Criminal Investigation and was involved with the Josette Wright investigation.

32.     Deny the allegations in this paragraph.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Stephens, Castaldo, and Quick were involved in the Josette Wright investigation.

34.     Admit.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that: Stephens previously supervised the PCSD Bureau of Criminal Investigation and was involved in the Josette Wright investigation; that Stephens administered a polygraph to Jeffrey Deskovic in 1990, that Deskovic was convicted of raping and murdering a teenage classmate, that Deskovic was exonerated and in 2014 a jury found Stephens liable for violating Deskovic's civil rights and awarded him $42,650,000.

36.     Deny the allegations in this paragraph, but admit that Stephens was involved in the Josette Wright investigation.

37.     Deny the allegations in this paragraph.

38.     Admit.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was an investigator on both the Josette Wright missing persons and homicide cases.

40.     Deny the allegations in this paragraph.

41. Deny the allegations in this paragraph.

42. Admit.

43. Admit.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Quick was an investigator assigned to the Josette Wright homicide investigation.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46. Deny the allegations in this paragraph.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Rees was a duly appointed and acting investigator of PCSD, acting under color of state law pursuant to statutes, ordinances, regulations, policies, customs and usage of Putnam County and the State of New York, that Rees was a member of the PCSD identification unit and was involved in the Josette Wright investigation.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Asher was a duly appointed and acting investigator of PCSD, acting under color of state law pursuant to statutes, ordinances, regulations, policies, customs and usage of Putnam County and the State of New York.

49. Admit.

50. Deny the allegations in this paragraph.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. Deny the allegations in this paragraph.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff's conviction was vacated and he was re-tried for the same crimes.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56.     Deny the allegations in this paragraph.

57.     Admit.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Wright was involved in the Plaintiff's prosecution in 1996 and 1997.

59.     Deny the allegations in this paragraph.

60.     Deny the allegations in this paragraph.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62.     Deny the allegations in this paragraph.

63.     Admit.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Glasser was involved with Plaintiff's prosecution.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Glasser assisted with Plaintiff's prosecution in 2023.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68.     Deny the allegations in this paragraph.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Krauss worked for the PCDA as an Assistant District Attorney.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

74.     Deny the allegations in this paragraph.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that York served as Chief Assistant District Attorney for the PCDA and prosecuted DiPippo in 2012.

76.     Admit.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Cilento was involved in the prosecution of Plaintiff.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**FACTS**

80.     Admit.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Wright did not return home that night.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Wright did not attend school on October 4, 1994.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was assigned to the missing persons case.

84.     Deny the allegations in this paragraph.

85.     Deny the allegations in this paragraph.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     Deny the allegations in this paragraph.

### *Josette Wrights Remains Are Found More Than A Year After She Is Reported Missing*

89.     Admit.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo and Rees reported to the scene and a child's skeletal remains were discovered and that the remains were that of Josette Wright.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that a second search was conducted, Rees was involved in same, and additional items were found during the search.

***Pressure Builds to Solve the Josette Wright Murder***

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Turner, Stephens were involved in the investigation.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo and Quick were assigned to the investigation.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was assigned to the investigation.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was assigned to the investigation.

102.    Deny the allegations in this paragraph.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

***PCSD Ignores Serial Pedophile Howard Gombert As A Suspect And Instead Focuses On Andrew Krivak and Anthony DiPippo, Two Innocent Teens***

**Howard Gombert Was Known to PCSD as a Serial Sexual Abuser of Girls and Women in Putnam County Before Josette Wright Went Missing**

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

106.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Stephens, Castaldo, and Other Members of PCSD Obstruct CPD's Robin Wright Investigation, Where the Lead Suspect was Howard Gombert

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Robin Wright went missing on or about April 9, 1995 and has never been found.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## PCSD Do Not Pursue Gombert As A Suspect, Despite Abundant Information Pointing to Him as the Likely Perpetrator

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

115.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

116.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

*PCSD Instead Focuses on Two Innocent Teens, Andy Krivak and Anthony DiPippo*

**An Unrelated Traffic Stop Causes PCSD to Focus on Mr. Krivak and Mr. DiPippo**

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that a car stop was conducted on November 25, 1995, of a vehicle driven by Plaintiff and that DiPippo and Neglia were passengers in said vehicle.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

122.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**PCSD and PCDA Ignore Evidence of the Impossibility of Mr. Krivak and Mr. DiPippo Raping and Murdering Josette Wright on October 3, 1994 in Mr. Krivak's Van, as PCSD Theorized**

123.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

126.     Deny the allegations in this paragraph.

*To Frame Mr. Krivak, PCSD Investigators Including Stephens, Castaldo, and Quick Concoct A False Narrative of Josette Wright's Disappearance, Rape and Murder and Coerce Vulnerable Witnesses to Adopt that False Narrative*

**Castaldo and Quick Harass, Threaten, Abuse, and Coerce Dominic Neglia – A Vulnerable Teen – to Implicate Mr. DiPippo**

127.    Deny the allegations in this paragraph.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

130.    Deny the allegations in this paragraph.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

132.    Deny the allegations in this paragraph.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**Castaldo and Quick Next Target Denise Rose, A Troubled Young Woman With a History of Serious Drug Abuse and Criminal Conduct, Who Had Recently Been Scorned By Mr. DiPippo**

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

137.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

138.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

139.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

140.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996 and she signed a written statement.

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

143.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

145.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that in a signed statement dated April 10, 1996, Rose identified MacGregor as being present in the van on October 3, 1994.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Rose signed a statement on or about April 24, 1996.

149.     Deny the allegations in this paragraph.

150.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and subparagraphs.

151.     Deny the allegations in this paragraph and all subparagraphs.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

153.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

154.     Deny the allegations in this paragraph.

155.     Deny the allegations in this paragraph.

156.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

157.     Deny the allegations in this paragraph, but admit that PCSD investigators sought information from Wilson and MacGregor.

**Stephens, Castaldo, and Quick Then Threaten and Coerce Adam Wilson, A Teen on Probation, to Adopt PCSD's False Narrative of the Crime Against Josette Wright; Mr. Wilson Immediately Recants**

158.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators interviewed Wilson on or about May 28, 1996.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

161.    Deny the allegations in this paragraph but admit that Wilson signed a written statement under penalty of perjury.

162.    Deny the allegations in this paragraph.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Wilson testified under oath, including in the Grand Jury.

**Castaldo, Quick, and Others from PCSD Coerce William MacGregor, Another Vulnerable Teen, To Adopt Parts of Their False Narrative of Josette Wright's Murder**

170. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo and Quick sought to interview MacGregor in or about June 1996.

171. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo and Quick interviewed MacGregor.

172. Deny the allegations in this paragraph.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that MacGregor signed a written statement under penalty of perjury.

174. Deny the allegations in this paragraph, but admit that MacGregor signed a written statement under penalty of perjury.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that MacGregor recanted his prior sworn statement.

***To Strengthen their Manufactured Case, PCSD Fabricates Evidence and Coerces Additional Witnesses to Adopt Their Narrative While Hiding Their Misconduct and Favorable Evidence***

177. Deny the allegations in this paragraph.

178. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**Two Rings Are Purportedly Found During the May 11, 1995 Inventory Search**

179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was arrested on or about May 11, 1995 and that PCSD conducted a search of Plaintiff's van.

180. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that two rings were found inside the van during the search on or about May 11, 1995.

181. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

182. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

183. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

184. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

185. Deny the allegations in this paragraph.

186. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## PCSD Coerces False Identification of the Rings as Josette Wright's

187. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

188. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

189. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators interviewed Tara and Catherine Duffy.

190. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

191. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## PCSD Illegally Searches Mr. Krivak's Van Twice, Manufacturing Additional False Connections Between Josette Wright and Mr. Krivak's Van, Hiding their Misconduct, and Suppressing Exculpatory Evidence

193.    Deny the allegations in this paragraph.

### The Illegal January 1996 Search

194.    Deny the allegations in this paragraph.

195.    Deny the allegations in this paragraph, but admit that additional items were recovered during a search of Plaintiff's van.

196.    Deny the allegations in this paragraph.

197.    Deny the allegations in this paragraph.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### The Illegal March 1996 Search

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### The Absence of Any Biological Material Connecting Josette Wright to Mr. Krivak's Van Further Proves His Innocence and the Pervasive Official Misconduct in his Investigation and Prosecution

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

203.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

204.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

205.     Deny the allegations in this paragraph.

206.     Deny the allegations in this paragraph.

*Stephens, Castaldo, and Quick Coerce Mr. Krivak to Sign a False, Police-Drafted Inculpatory Statement*

207.     Deny the allegations in this paragraph, but admit that Plaintiff was arrested on July 1, 1996 for the rape and murder of Josette Wright.

208.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

209.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

210.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

211.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

212.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

213.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

214.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff took a polygraph test.

215.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

216.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

217.    Deny the allegations in this paragraph.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

221.    Deny the allegations in this paragraph.

222.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

224.    Deny the allegations in this paragraph.

225.    Deny the allegations in this paragraph.

226.    Deny the allegations in this paragraph, but admit that Plaintiff was acquitted of the criminal charges in 2023.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

229.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

***Loose Ends Are Cleaned Up To Ensure The Conviction of Innocent Andrew Krivak***

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. Carrier.

231.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. Carrier.

232.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. Clokey and Ms. McLaughlin.

233.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. McLaughlin.

234.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

235.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

236.     Deny the allegations in this paragraph.

**Mr. Krivak and Mr. DiPippo Are Wrongfully Convicted and Wrongly Incarcerated for the Rape and Murder of Josette Wright**

237.     Admit.

238.     Admit.

239.     Admit.

240.     Admit.

241.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**Prior to Mr. DiPippo's 2016 Retrial, Then-Putnam County District Attorney Adam Levy Requests the Assistance of the Attorney General's Conviction Review Bureau to Investigate the Convictions of Mr. DiPippo and Mr. Krivak**

242.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

246.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

247.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that AAG Heatherly was involved in the investigation.

248.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that AAG Heatherly was involved in the investigation.

249.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

250.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

251.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

252.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

253.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

254.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

255.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

256. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Defendant Tendy is Elected Putnam County District Attorney and Summarily Terminates the Attorney General's Reinvestigation of Mr. DiPippo's and Mr. Krivak's Convictions

257. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that DA Tendy prevailed in the election and that DA Levy was not elected.

258. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

259. Admit.

260. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

261. Deny the allegations in this paragraph.

### Anthony DiPippo is Finally Acquitted and Files a State Claim and Federal Civil Rights Lawsuit Alleging Violations Relating to His Wrongful Conviction and Imprisonment

262. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that a jury acquitted DiPippo in 2016.

263. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that DiPippo filed federal § 1983 lawsuit and brought such claims.

264. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

265. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that thousands of pages of discovery were exchanged in DiPippo's civil rights litigation and depositions were taken, including of some of the individually named Defendants herein.

a. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

b. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

c. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

d. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

e. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

f. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

g. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### *Mr. Krivak's Conviction Is Finally Vacated, Despite PCDA's Ongoing Misconduct*

266.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit the Second Department so reversed the trial court decision and order and remanded the matter for further proceedings.

267.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

268.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

269.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

270.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

271.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

272.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

273.    Admit.

274.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

275.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

***Despite the Overwhelming Evidence of Mr. Krivak's Innocence and Rampant Official Misconduct Tainting the Josette Wright Investigation and Mr. Krivak's Prosecution, PCDA Seeks to Maintain Mr. Krivak's Wrongful Conviction at All Costs***

276.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

277.    Deny the allegations in this paragraph, but admit that Plaintiff was acquitted on February 27, 2023.

278.    Deny the allegations in this paragraph.

**Tendy Attempts to Taint the Jury Pool by Issuing an Unprompted "Press Release" Condemning Putnam County's Settlement of Mr. DiPippo's Civil Rights Case**

279.    Admit.

280.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

281.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

282.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

283.    Deny the allegations in this paragraph.

**PCDA Suppresses Exculpatory Recordings of Joseph Santoro's Jailhouse Communications Showing Gombert Did in Fact Confess to Santoro, Santoro's Prior Testimony Was Truthful, and Had Had No Motive to Lie**

284.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

285.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

286.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

287.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

288.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

289.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

290.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

291.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

292.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

293.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

294.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

295.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

296.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

297.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

298.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

299.	Deny the allegations in this paragraph.

**While Purportedly Reinvestigating Mr. Krivak's Case, PCDA, Tendy, Glasser, Krauss, and Cilento Instead Engaged in Witness Intimidation and Coercion to Ensure that Mr. Krivak Would Again Be Wrongfully Convicted**

300.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

301.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

302.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

303.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

304.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

305.	Deny the allegations in this paragraph.

**PCDA Failed to Disclose Numerous Police Personnel Files That Were Impeaching and Exculpatory, In Violation of the Law and Court Orders**

306.	This allegation is a conclusion of law and requires no response and refer all questions of law to this Honorable Court.

307.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

308.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

309.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

310.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

311.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

312.     Deny the allegations in this paragraph.

**PCDA Suppressed Information Relating to Defendant Castaldo's Threatening Another Suspect During an Interrogation**

313.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

314.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

315.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

316.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

317.     Deny the allegations in this paragraph.

**PCDA Used Defendant York to Try to Improperly Influence the Trial Judge Through an Ex Parte Communication at Mr. Krivak's Retrial**

318.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that York previously served as Putnam County's Chief Assistant District Attorney and was involved in DiPippo's 2012 prosecution and trial that resulted in a conviction later overturned by the Court of Appeals.

319.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

320.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

321.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

322.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

323.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

324.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

325.     Deny the allegations in this paragraph.

**PCDA Pressured and Harassed the Mother of  a Defense Witness to Provide False Testimony, and Then Suppressed Communications with this Witness**

326.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

327.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

328.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

329.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

330.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

331.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

332.     Deny the allegations in this paragraph.

**Throughout Mr. Krivak's Retrial, Tendy and Glasser Suborned Perjury, Failed to Correct False Testimony, and Made Material, False Misrepresentations to the Court and Mr. Krivak's Counsel**

333.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

334.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

335.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

336.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

337.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

338.     Deny the allegations in this paragraph.

*Despite These and Other Acts of Egregious Misconduct by PCDA and PCSD Beginning with the Original Investigation and Continuing through His Retrial, Mr. Krivak is Finally Acquitted, Resulting in Defendant Glasser Being Punished by Defendant Tendy*

339.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that a jury acquitted Plaintiff on February 27, 2023.

340.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## DAMAGES

341.     Deny the allegations in this paragraph but admit that Plaintiff was incarcerated for more than 20 years following his conviction.

342.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

343.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

344.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

345.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

346.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

347.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

348.     Deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

### FEDERAL CAUSES OF ACTION
### COUNT I
**42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments**

349.     Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

350.     Deny the allegations in this paragraph.

351.     Deny the allegations in this paragraph.

352.     Deny the allegations in this paragraph.

353.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted of these charges.

354.     Admit.

355.    Deny the allegations in this paragraph and refer all questions of law to this Honorable Court.

356.    Deny the allegations in this paragraph.

## COUNT II
### 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation in Violation of the Fourteenth Amendment

357.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

358.    Deny the allegations in this paragraph.

359.    Deny the allegations in this paragraph.

360.    Deny the allegations in this paragraph.

361.    Deny the allegations in this paragraph.

362.    Deny the allegations in this paragraph.

363.    Deny the allegations in this paragraph and refer questions of law to this Honorable Court.

364.    Deny the allegations in this paragraph.

## COUNT III
### 42 .S.C. § 1983 Failure to Intervene

365.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

366.    Deny the allegations in this paragraph.

367.    Deny the allegations in this paragraph and refer questions of law to this Honorable Court.

368.    Deny the allegations in this paragraph.

## COUNT IV
### 42 U.S.C. § 1983 Civil Rights Conspiracy

369.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

370.    Deny the allegations in this paragraph.

371.    Deny the allegations in this paragraph.

    a.    Deny the allegations in this paragraph.

    b.    Deny the allegations in this paragraph.

    c.    Deny the allegations in this paragraph.

    d.    Deny the allegations in this paragraph.

    e.    Deny the allegations in this paragraph.

372.    Deny the allegations in this paragraph.

373.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted of these charges and the prosecution terminated in his favor.

374.    Deny the allegations in this paragraph.

## COUNT V
### 42 U.S.C. § 1983 Coercion

375.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

376.    Deny the allegations in this paragraph.

377.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted of these charges and the prosecution terminated in his favor.

378.    Deny the allegations in this paragraph.

**<u>COUNT VI</u>**
**42  U.S.C. § 1983 Supervisory Liability Claim**

379.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

380.    Deny the allegations in this paragraph.

381.    Deny the allegations in this paragraph.

382.    Deny the allegations in this paragraph.

383.    Deny the allegations in this paragraph.

384.    Deny the allegations in this paragraph.

**<u>COUNT VI</u>**
**42  U.S.C. § 1983 Monell Claim**
*Against Defendant Putnam County for the Acts and Omissions of PCDA*

385.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

386.    Deny the allegations in this paragraph.

    a.   Deny the allegations in this paragraph.

    b.   Deny the allegations in this paragraph.

387.    Deny the allegations in this paragraph.

    a.   Deny the allegations in this paragraph.

    b.   Deny the allegations in this paragraph.

    c.   Deny the allegations in this paragraph.

    d.   Deny the allegations in this paragraph,

388.    Deny the allegations in this paragraph.

    a.   Deny the allegations in this paragraph.

    b.   Deny the allegations in this paragraph.

389.    Deny the allegations in this paragraph.

390.    Deny the allegations in this paragraph.

391.    Deny the allegations in this paragraph.

392.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

393.    Deny the allegations in this paragraph.

394.    Deny the allegations in this paragraph.

395.    Deny the allegations in this paragraph.

396.    Deny the allegations in this paragraph.

397.    Deny the allegations in this paragraph.

398.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and refer all questions of law to this Honorable Court.

399.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and refer all questions of law to this Honorable Court.

400.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

401.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and refer all questions of law to this Honorable Court.

402.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and refer all questions of law to this Honorable Court.

403.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and refer all questions of law to this Honorable Court.

404.    Deny the allegations in this paragraph.

## COUNT VIII
### 42 U.S.C. § 1983 Monell Claim
*Against Defendant Putnam County for the Acts and Omissions of PCSD*

405.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

406.    Admit.

407.    Deny the allegations in this paragraph.

408.    Deny the allegations in this paragraph.

409.    Deny the allegations in this paragraph.

410.    Deny the allegations in this paragraph.

411.    Deny the allegations in this paragraph.

412.    Deny the allegations in this paragraph.

### STATE CAUSES OF ACTION
### COUNT IX
### Malicious Prosecution Under New York State Law

413.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

414.    Deny the allegations in this paragraph, but admit that Plaintiff was acquitted and the prosecution terminated in his favor.

415.    Deny the allegations in this paragraph.

416.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

417.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

418.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

419.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and refer all questions of law to this Honorable Court.

### COUNT X
### Respondeat Superior Liability
*Against Defendant Putnam County*

420.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

421.    Deny the allegations in this paragraph.

422. Deny the allegations in this paragraph and refer all questions of law to this Honorable Court.

The remaining portion of the Complaint is a Prayer for Relief and requires no response from the answering Defendants. To the extent a response is required the answering Defendants request a trial by jury and that the Court deny Plaintiff's prayer for relief in its entirety.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

423. Plaintiff fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

424. Defendants acted in good faith and took appropriate action in the discharge of their official duties.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

425. Defendants are entitled to qualified immunity under federal and state law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

426. Defendants acted in accordance with all laws, rules, regulations and pursuant to their statutory authority.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

427. Any conduct which is alleged by Plaintiff is *de minimis* and as such the allegations fail to establish a claim under 42 U.S.C. § 1983.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

428. Any harm which came to Plaintiff was a direct and proximate result of Plaintiff's own actions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

429. Plaintiff failed to mitigate his damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

430.  Plaintiff failed to comply with N.Y. Gen. Mun. Law § 50-e *et seq.* with respect to one or more claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

431.  One or more of Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

432.  Defendants did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

433.  Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening and/or superseding conduct of persons or entities over whom the Defendants did not have control and for whose conduct the Defendants are not liable, and/or was not the proximate result of any act of the Defendants.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

434.  Defendants acted reasonably, properly, and in the lawful exercise of their discretion.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

435.  Any past or future expenses incurred, or to be incurred by Plaintiff for medical care, psychological care, loss of earnings, or other economic loss has been, or will be, replaced or indemnified in whole or in part from a collateral source, as defined in N.Y. C.P.L.R. 4545(c) and, consequently, if any damages are recoverable against the answering defendants then the amount of such damages must be diminished by the amount that Plaintiff received, or will receive, from the collateral source.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

436.    If Plaintiff obtains a verdict against Defendants, then Defendants are entitled to all rights, remedies and setoff of damages pursuant to Article 15 of New York's General Obligations Law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

437.    Plaintiff failed to comply with New York County Law § 52 with respect to one or more claims.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

438.    Defendants are entitled to limitations of liability pursuant to New York C.P.L.R. Article 16.

**WHEREFORE,** Defendants pray for judgment that Plaintiff's Complaint be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the Defendants.

Dated:  White Plains, New York

October 27, 2023

Respectfully submitted,

PORTALE RANDAZZO LLP


 /s/ James A. Randazzo
James A. Randazzo
Drew W. Sumner
*Attorneys for Defendants Putnam County, Thoubboron, Turner, Stephens, Castaldo, Quick, Rees, Asher and Cilento*
245 Main Street, Suite 340
White Plains, NY 10601

To: Counsel of record via ECF.