

200 Old Country Road, Suite 2 South, Mineola, NY 11501/Tel: (516) 741-3222/Fax: (516) 741-3223

November 6, 2023

Honorable Kenneth M. Karas
United States District Court
 Southern District of New York
300 Quarropas Street
White Plains, New York 10606

Re: Andrew Krivak, Jr. v. Robert Tendy et al
Case No.: 23cv6960(KMK)

Dear Judge Karas:

We are the attorneys of record for Andrew Krivak, Jr., the plaintiff in the above action. We write in response to Defendants Tendy, Wright, Glasser, Krauss, and York's letter motion for a conference to allow the filing of a motion to dismiss on their behalf. Their intended motion seeks dismissal of the complaint on absolute immunity grounds as to all of these named defendants; failure to sufficiently allege personal involvement of Wright and Krauss; and failure to allege claims as a state actor against York. Because plaintiff believes the claim is adequately plead and because plaintiff believes that absolute immunity does not apply in this case, plaintiff presents arguments in opposition to the defense letter

While it has become somewhat standard for prosecutors to make motions to dismiss in lieu of answering in 1983 claims, this case is far from standard. Furthermore, because their alleged immunity would not bar all of Plaintiff's claims against these individuals, since they do not move to dismiss the claims based on *Monell* liability, Plaintiff should not have to address this motion at the pleading stage and, in the interests of judicial economy, the defendants should be required to answer the complaint and make their motion at the end of discovery.

**Absolute Immunity Does Not Control.**

Absolute immunity depends on "the nature of the function performed, not [on] the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993). Qualified, rather than absolute immunity applies "[w]hen a prosecutor is engaged in administrative or investigative activities . . . 'within the scope of [their] duties in initiating and pursuing a criminal prosecution.'" *Day v. Morgenthau*, 909 F.2d 75, 77 (2d Cir. 1990) (quoting *Imbler*, 424 U.S. at 410). *Accord Powers v. Coe*, 728 F.2d 97, 103 (2d Cir. 1984) (describing the nature of this "functional approach to the immunity question").

In this case, the elected District Attorneys of the County participated directly in the original investigation (defendant Wright) and in the subsequent reinvestigation

(defendant Tendy), as did their assistant district attorneys (defendants Krauss and Glasser). Far from just being generally in an advocacy role, these individual defendants were hands-on during the investigatory phase of each prosecution; a phase during which they do not enjoy absolute immunity. *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) *See also Burns v. Reed*, 500 U.S. 478, 493, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) ("advising the police in the investigative phase of a criminal case is [not] so intimately associated with the judicial phase of the criminal process that it qualifies for absolute immunity.") (internal quotation marks omitted); *Simon v. City of New York,* , 727 F.3d 167, 172 (2d Cir. 2013) ("Absolute immunity is . . . not available for the act of giving legal advice to the police in the investigative phase of a criminal case . . . .") (internal quotation marks omitted); *Barbera v. Smith*, 836 F.2d 96, 100 (2d Cir. 1987) (A prosecutor's "supervision of and interaction with law enforcement agencies in *acquiring* evidence which might be used in a prosecution . . . are of a police nature and are not entitled to absolute protection."  (emphasis in original)).  Moreover, when prosecutors act outside their scope as advocates to thwart the judicial process – as has been alleged here – absolute immunity does not protect them.  *See e.g. Simon v. City of New York,* supra at 173-174 (prosecutor not absolutely immune for detaining trial witness beyond the terms of a material witness order).

        The facts as alleged in the complaint therefore make out exceptions to absolute immunity in that much of the constitutional violations by the proposed moving defendants occurred during their roles as investigators and administrators and not as judicial advocates and/or for acts outside of the scope of their duties.  As a result, these defendants would  therefore only be entitled to at best qualified immunity for their investigative roles. *See, e.g.*, ¶¶ 26-30;50-52; 125-126;258; 280-283; 290-295;300-303 (Tendy); ¶¶ 57-61;103; 125-126;156; 191;207 (Wright);  ¶¶ 125-126;260-261;  268-271; 280-283; 290-295; 297-299 (Glasser);  ¶¶ 70; 125-126; 260; 280-283; 298-299; 313-317(Krauss).

        While many of the allegations against these defendants relate to actions taken as advocates, those actions are relevant allegations to show how the investigative steps were eventually used in court against Plaintiff; moreover, that the investigative steps led to an arrest, indictment, and trial does not then protect those steps under the cloak of absolute immunity.  *Buckley v. Fitzsimmons,* 509 U.S. 259, 273-276 (1993)

        Finally, many of the allegations cited above related to Tendy, Wright, Glasser and Krauss' role as administrators and supervisors; actions taken in those roles are also exempt from the protection afforded by absolute immunity. *Buckley, supra,* 509 U.S. at 273-274. Neither are statements made to the press protected by absolute immunity.  *Id.* at 277-279.


**Defendant York is a State Actor.**

        As to Defendant York, the proposed moving defendants ignore (1) that there are allegations relating to his role as an investigator while he was working at PCDA  and not just as a court advocate or a private individual ¶¶ 320-321 and (2) that the allegations in the complaint are that PCDA used defendant York to try and influence the Court during the trial ¶¶ 323-325. Both of these sets of allegations, of course, would make him a State actor and not absolutely immune.

A private actor may be liable under §1983 if "there is a sufficiently close nexus between the State and the challenged action of the [private actor] so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). Such a nexus exists when "the state . . .provides the private actor with significant encouragement, either overt or covert, or when the private actor operates as a willful participant in joint activity with the State or its agents . . ." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 187 (2d Cir. 2005)

**Sufficient specificity as to personal involvement of Defendants Wright and Krauss.**

The court need only  look to the complaint to see that the allegations against Wright  and Krauss are specific enough to meet the pleading requirements of a 1983 claim. See, e.g. ¶¶ 57-61;103; 125-126;156; 191;207 (Wright); ¶¶ 70; 125-126; 260; 280-283; 298-299; 313-317(Krauss).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

This complaint on its face more than meets those standards as to these two defendants.

**Conclusion**

The interests of judicial economy favor the denial of leave to file a 12(b)(6) motion. The County of Putnam; the police defendants; and defendant Cilento have answered the complaint. The *Monell* action against the proposed moving defendants will remain as there is no request for a conference as to a 12(b)(6) motion as to those claims. The same firm represents the answering defendants and the proposed moving defendants; and even if the case against the proposed moving defendants were to be  dismissed all of them would still be deposed as witnesses under the remaining causes of action. It is respectfully submitted that this complaint should therefore be allowed to move forward as written and that the proposed moving defendants should be required to answer and move for summary judgment at the close of discovery.

Sincerely,

s/Oscar Michelen                    s/Karen A. Newirth

OSCAR MICHELEN                  KAREN A. NEWIRTH
Cuomo LLC                            Newirth Law PLLC