UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANDREW KRIVAK, JR.,

                Plaintiff,

   -against-

PUTNAM COUNTY; Putnam County Sheriff's Department
Sheriff ROBERT THOUBBORON, in his individual capacity;
Putnam County Sheriff's Department Officers HAROLD
TURNER, DANIEL STEPHENS, PATRICK CASTALDO,
WILLIAM QUICK, JOHN DANIEL REES, WILLIAM
ASHER in their individual capacities; Putnam County District
Attorneys ROBERT V. TENDY and KEVIN WRIGHT, in
their individual capacities; Putnam County Assistant District
Attorneys LARRY GLASSER; CHANA KRAUSS; and
CHRISTOPHER YORK, in their individual capacities; District
Attorney Investigator RALPH CILENTO in his individual
capacity; and DENISE ROSE,

                Defendants.
------------------------------------------------------------------------X

**DEFENDANT PUTNAM
COUNTY'S AMENDED
ANSWER TO PLAINTIFF'S
COMPLAINT**

23-CV-06960 (KMK)

For the Amended Answer to Plaintiff's Complaint, Docket Entry No. 8, dated August 9,

2023, in the above-entitled case, Defendant Putnam County, by its attorneys Portale Randazzo

LLP, says:

## **INTRODUCTION**

1.      Deny, except admit this is a civil rights action alleging actual innocence and that

defendant was incarcerated for more than 26 years.

2.      Deny, except admit that Howard Gombert was not charged with this crime

allegation.

3.      Deny the allegations in this paragraph.

4.      Deny the allegations in this paragraph.

5.      Deny the allegations in this paragraph.

6.      Deny, except admit that DiPippo was acquitted in 2016, that he filed a civil action,

and that it resulted in a $12 million dollar settlement.

1

7.     Deny, except admit that Krivak was re-tried, there was an investigation conducted by the Attorney General's Office and, then, District Attorney Adam B. Levy, and that Krivak signed his statement.

8.     Deny, except admit that Stephens participated in the Deskovic matter, and that as a result of DNA evidence, Deskovic's conviction was overturned.

9.     Deny the allegations in this paragraph.

10.    Deny as phrased but admit that Deskovic prevailed in his federal civil rights lawsuit and obtained a verdict against Defendant Stephens under § 1983 and a jury award of $42,650,000.

11.    Deny the allegations in this paragraph.

12.    Deny, except admit that Denise Rose stands by her story.

13.    Deny, except that admit that Denise Rose met and spoke with Larry Glasser and deny knowledge or information sufficient to know the content of Denise Rose's discussions with unspecified members of PCDA and the New York Attorney General's office.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.    Deny the allegations in this paragraph.

16.    Deny the allegations in this paragraph.

17.    Deny the allegations in this paragraph.

18.    Deny, except admit that Plaintiff was acquitted on February 27, 2023.

19.    Deny, except admit that Krivak is seeking compensatory and punitive damages.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted on February 27, 2023.

**JURISDICTION AND VENUE**

21.    Admit.

22.    Deny knowledge or information sufficient to form a belief as to the truth of this allegation and refer all question of law to this Honorable Court.

23.     Admit.

**JURY DEMAND**

24.     This paragraph sets forth a jury demand and does not require a response.

Defendant also requests a trial by jury on all issues and claims set forth in Plaintiff's Complaint.

**PARTIES**

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff and DiPippo were arrested and charged, on or about July 1, 1996, for raping and murdering Josette Wright, that Plaintiff was convicted of said crimes on April 16, 1997 and that he was subsequently acquitted after a second trial on February 27, 2023.

26.     Deny the allegations in this paragraph but admit that the PCSD provided law enforcement services for the County.

27.     Deny the allegations in this paragraph but admit that Thoubboron previously served as Sheriff of the PCSD, including during the Josette Wright investigation and Plaintiff's first criminal trial in 1997.

28.     Deny the allegations in this paragraph.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Thoubboron lost an election for Putnam County Sherriff in 2001.

30.     Deny, except admit that at the time relevant to this complaint Harold Turner was a duly appointed and acting investigator of PCSD.

31.     Deny the allegations in this paragraph, but admit that Turner previously supervised the PCSD Bureau of Criminal Investigation and was involved with the Josette Wright investigation.

32.     Deny the allegations in this paragraph.

33. Deny, except admit that Stephens, Castaldo, and Quick were involved in the Josette Wright investigation and deny information sufficient to form a belief as to the truth of the allegation that Defendant Turner so assigned them.

34. Deny, except admit that Daniel Stephens was a duly appointed and acting investigator of PSCD during the times relevant to this complaint.

35. Deny, except admit that: Stephens previously supervised the PCSD Bureau of Criminal Investigation and was involved in the Josette Wright investigation; that Stephens administered a polygraph to Jeffrey Deskovic in 1990, that Deskovic was convicted of raping and murdering a teenage classmate, that Deskovic's conviction was overturned on the basis of DNA evidence and in 2014 a jury awarded  Deskovic $42,650,000.

36. Deny the allegations in this paragraph, but admit that Stephens was involved in the Josette Wright investigation.

37. Deny the allegations in this paragraph.

38. Deny, except admit that at all times relevant to this complaint Patrick Castaldo was an officer with PCSD.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was an investigator on both the Josette Wright missing persons and homicide cases.

40. Deny the allegations in this paragraph.

41. Deny the allegations in this paragraph.

42. Admit.

43. Deny, except admit that William Quick at all times relevant to this complaint was an officer with the PCSD.

44. Deny, except admit that Quick was an investigator assigned to the Josette Wright homicide investigation with Castaldo.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.     Deny the allegations in this paragraph.

47.     Deny, except admit that Rees was a duly appointed and acting investigator of PCSD, and that Rees was a member of the PCSD identification unit and was involved in the Josette Wright investigation.

48.     Deny, except admit that Asher was a duly appointed and acting investigator of PCSD.

49.     Deny, except admit that Robert Tendy has been the duly elected District Attorney of Putnam County since 2016.

50.     Deny the allegations in this paragraph.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that former District Attorney Adam Levy cooperated with the Office of the New York Attorney General's Conviction Review Bureau with respect to this matter.

52.     Deny the allegations in this paragraph.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff's conviction was vacated and he was re-tried for the same crimes.

54.     Deny, except admit that Tendy was lead prosecutor of Krivak's retrial.

55.     Deny, except admit that Putnam County District Attorney Robert Tendy's Office handled the prosecution of the Krivak and DiPippo cases.

56.     Deny the allegations in this paragraph.

57.     Deny, except admit that Kevin Wright was the duly elected District Attorney of Putnam County from 1992 until 2007.

58. Deny, except admit that Wright was involved in the Plaintiff's prosecution in 1996 and 1997.

59. Deny the allegations in this paragraph.

60. Deny the allegations in this paragraph.

61. Deny, except admit that during his tenure, Putnam County District Attorney Wright's office handled this prosecution.

62. Deny the allegations in this paragraph.

63. Deny, except admit that from 2016 through 2023, Larry Glasser was an Assistant District Attorney for Putnam County.

64. Deny, except admit that in or about 2020 Glasser was PCDA's First Assistant District Attorney.

65. Deny, except admit that Glasser was involved with Plaintiff's re-prosecution.

66. Deny, except admit that Glasser was assigned to assist Tendy with Plaintiff's prosecution in 2023.

67. Deny, except admit that Glasser assisted with the re-prosecution of Plaintiff's case.

68. Deny the allegations in this paragraph.

69. Deny, except admit that Krauss worked for the PCDA as an Assistant District Attorney since 2008, and as Chief Assistant District Attorney, since 2020.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that in or about 2014 Defendant Tendy's predecessor promoted Krauss.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73. Deny the allegations in this paragraph.

74.     Deny the allegations in this paragraph.

75.     Deny, except admit that York served as Chief Assistant District Attorney for the PCDA and prosecuted DiPippo in 2012 and deny knowledge or information sufficient to form a belief as to York's subjective thoughts or beliefs.

76.     Deny, except admit that Ralph Cilento was an investigator employed by PCDA in or around 2022.

77.     Deny, except admit that Cilento was involved in the prosecution of Plaintiff.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## FACTS

As to the entirety of Plaintiff's factual recitation, Defendant denies any and all non-factual characterizations, insinuations, and hyperbolic adjectives, and address the substantive facts sequentially below:

80.     Admit.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Wright did not return home that night.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Wright did not attend school on October 4, 1994.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was assigned to the missing persons case.

84.     Deny the allegations in this paragraph.

85.     Deny the allegations in this paragraph.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87.     Deny the characterization "highly credible," and deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     Deny the allegations in this paragraph.

***Josette Wright's Remains Are Found More Than A Year After She Is Reported Missing***

89.     Admit.

90.     Deny, except admit that Castaldo and Rees reported to the scene and a child's skeletal remains were discovered and that the remains were that of Josette Wright.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that a second search was conducted, Rees was involved in same, and additional items were found during the search.

***Pressure Builds to Solve the Josette Wright Murder***

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Turner, Stephens were involved in the investigation.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo and Quick were assigned to the investigation.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was assigned to the investigation.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo was assigned to the investigation.

102.    Deny the allegations in this paragraph.

103.    Deny the allegations in this paragraph.

### *PCSD Ignores Serial Pedophile Howard Gombert As A Suspect And Instead Focuses On Andrew Krivak and Anthony DiPippo, Two Innocent Teens*

### Howard Gombert Was Known to PCSD as a Serial Sexual Abuser of Girls and Women in Putnam County Before Josette Wright Went Missing

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Stephens, Castaldo, and Other Members of PCSD Obstruct CPD's Robin Wright Investigation, Where the Lead Suspect was Howard Gombert

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Robin Wright went missing on or about April 9, 1995 and has never been found.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that former District Attorney Adam B. Levy made supplemental disclosures.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**PCSD Do Not Pursue Gombert As A Suspect, Despite Abundant Information Pointing to Him as the Likely Perpetrator**

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

115.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

116.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

117. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

118. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

*PCSD Instead Focuses on Two Innocent Teens, Andy Krivak and Anthony DiPippo*

**An Unrelated Traffic Stop Causes PCSD to Focus on Mr. Krivak and Mr. DiPippo**

119.    Deny, except admit that a car stop was conducted on November 25, 1995, of a vehicle driven by Plaintiff and that DiPippo and Neglia were passengers in said vehicle.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**PCSD and PCDA Ignore Evidence of the Impossibility of Mr. Krivak and Mr. DiPippo Raping and Murdering Josette Wright on October 3, 1994 in Mr. Krivak's Van, as PCSD Theorized**

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

126.    Deny the allegations in this paragraph.

*To Frame Mr. Krivak, PCSD Investigators Including Stephens, Castaldo, and Quick Concoct A False Narrative of Josette Wright's Disappearance, Rape and Murder and Coerce Vulnerable Witnesses to Adopt that False Narrative*

**Castaldo and Quick Harass, Threaten, Abuse, and Coerce Dominic Neglia – A Vulnerable Teen – to Implicate Mr. DiPippo**

127.    Deny the allegations in this paragraph.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

129.    Deny the allegations in this paragraph.

130.    Deny the allegations in this paragraph.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

132.    Deny the allegations in this paragraph.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**Castaldo and Quick Next Target Denise Rose, A Troubled Young Woman With a History of Serious Drug Abuse and Criminal Conduct, Who Had Recently Been Scorned By Mr. DiPippo**

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCDA and the Attorney General's Office interviewed Denise Rose.

140.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996 and she signed a written statement.

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators questioned Denise Rose on or about April 2, 1996.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators obtained a statement from Denise Rose on or about April 2, 1996.

143.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

145.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that in a signed statement dated April 10, 1996, Rose identified MacGregor as being present in the van on October 3, 1994.

146.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

147.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

148.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Rose signed a statement on or about April 24, 1996.

149.     Deny the allegations in this paragraph.

150.     Deny that the statement was fabricated, and deny information sufficient to form a belief as to the truth of the allegations averred therein as set forth in this paragraph.

151.     Deny the allegations in this paragraph and all subparagraphs.

13

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

154.    Deny the allegations in this paragraph.

155.    Deny the allegations in this paragraph.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

157.    Deny the allegations in this paragraph, but admit that PCSD investigators sought information from Wilson and MacGregor.

**Stephens, Castaldo, and Quick Then Threaten and Coerce Adam Wilson, A Teen on Probation, to Adopt PCSD's False Narrative of the Crime Against Josette Wright; Mr. Wilson Immediately Recants**

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators interviewed Wilson on or about May 28, 1996.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

161.    Deny the allegations in this paragraph but admit that Wilson signed a written statement under penalty of perjury.

162.    Deny the allegations in this paragraph.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

165.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Wilson testified under oath, including in the Grand Jury.

**Castaldo, Quick, and Others from PCSD Coerce William MacGregor, Another Vulnerable Teen, To Adopt Parts of Their False Narrative of Josette Wright's Murder**

170.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Castaldo and Quick sought to interview MacGregor in or about June 1996.

171.     Deny, except admit that Castaldo and Quick interviewed MacGregor.

172.     Deny the allegations in this paragraph.

173.     Deny, except admit that MacGregor signed a written statement under penalty of perjury.

174.     Deny, except admit that MacGregor signed a written statement under penalty of perjury.

175.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

176.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that MacGregor recanted his prior sworn statement.

15

177.    Deny the allegations in this paragraph.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Two Rings Are Purportedly Found During the May 11, 1995 Inventory Search

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was arrested on or about May 11, 1995 and that PCSD conducted a search of Plaintiff's van.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that two rings were found inside the van during the search on or about May 11, 1995.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

185.    Deny the allegations in this paragraph.

186.    Deny, except admit Asher has performed work as a narcotics officer.

## PCSD Coerces False Identification of the Rings as Josette Wright's

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

188.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

189.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators interviewed Tara and Catherine Duffy.

190.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

191.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

192. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**PCSD Illegally Searches Mr. Krivak's Van Twice, Manufacturing Additional False Connections Between Josette Wright and Mr. Krivak's Van, Hiding their Misconduct, and Suppressing Exculpatory Evidence**

193.     Deny the allegations in this paragraph.

***The Illegal January 1996 Search***

194.     Deny the allegations in this paragraph.

195.     Deny the allegations in this paragraph, but admit that additional items were recovered during a search of Plaintiff's van.

196.     Deny the allegations in this paragraph.

197.     Deny the allegations in this paragraph.

198.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except deny allegations related to a purportedly illegal search.

199.     Deny the allegations in this paragraph, except admit that on or about March 20, 1996 Castaldo and Quick visited David Chontos and he identified the lizard earring.

*The Illegal March 1996 Search*

200.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

*The Absence of Any Biological Material Connecting Josette Wright to Mr. Krivak's Van Further Proves His Innocence and the Pervasive Official Misconduct in his Investigation and Prosecution*

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

203.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

204.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

205.    Deny the allegations in this paragraph.

206.    Deny the allegations in this paragraph.

*Stephens, Castaldo, and Quick Coerce Mr. Krivak to Sign a False, Police-Drafted Inculpatory Statement*

207.    Deny the allegations in this paragraph, but admit that Plaintiff was arrested on July 1, 1996 for the rape and murder of Josette Wright.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

211.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

212.     Deny, except admit that Quick prepared a timeline of the July 1, 1996 interrogation.

213.     Deny, except admit that Quick prepared a timeline of the July 1, 1996 interrogation.

214.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff took a polygraph test.

215.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

216.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

217.     Deny the allegations in this paragraph.

218.     Deny the allegations in this paragraph.

219.     Deny the allegations in this paragraph.

220.     Deny the allegations in this paragraph.

221.     Deny the allegations in this paragraph.

222.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

223.     Deny the allegations in this paragraph.

224.     Deny the allegations in this paragraph.

225.     Deny the allegations in this paragraph, but admit that Plaintiff was acquitted of the criminal charges in 2023.

226.     Deny the allegations in this paragraph, but admit that Plaintiff was acquitted of the criminal charges in 2023.

227.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

228.     Deny the allegations in this paragraph.

229.     Deny the allegations in this paragraph but admit that Krivak signed a statement.

***Loose Ends Are Cleaned Up To Ensure The Conviction of Innocent Andrew Krivak***

230.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. Carrier.

231.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. Carrier.

232.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. Clokey and Ms. McLaughlin.

233.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that PCSD investigators sought information from Ms. McLaughlin.

234.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

235.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

236.     Deny the allegations in this paragraph.

***Mr. Krivak and Mr. DiPippo Are Wrongfully Convicted and Wrongly Incarcerated for the Rape and Murder of Josette Wright***

237.     Admit.

238.     Admit.

239.     Admit.

240.     Admit.

241.     Admit.

*Prior to Mr. DiPippo's 2016 Retrial, Then-Putnam County District Attorney Adam Levy Requests the Assistance of the Attorney General's Conviction Review Bureau to Investigate the Convictions of Mr. DiPippo and Mr. Krivak*

242.    Admit.

243.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

244.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

246.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that DA Levy cooperated with the Office of the New York Attorney General's conviction review board with respect to their investigation of the DiPippo and Krivak matters.

247.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that AAG Heatherly was involved in the investigation, and that DA Levy cooperated with her and her office.

248.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that AAG Heatherly was involved in the investigation, and that DA Levy cooperated with her and her office.

249.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

250.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

251.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

252. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

253. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

254. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

255. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that, then, DA Levy supplemented disclosure to the defense.

256. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

***Defendant Tendy is Elected Putnam County District Attorney and Summarily Terminates the Attorney General's Reinvestigation of Mr. DiPippo's and Mr. Krivak's Convictions***

257. Admit.

258. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

259. Admit.

260. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

261. Deny the allegations in this paragraph, but admit that Tendy sought to re-prosecute DiPippo and Krivak.

***Anthony DiPippo is Finally Acquitted and Files a State Claim and Federal Civil Rights Lawsuit Alleging Violations Relating to His Wrongful Conviction and Imprisonment***

262. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that a jury acquitted DiPippo in 2016.

263. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that DiPippo filed federal § 1983 lawsuit and brought such claims.

264. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

265. Deny the allegations in this paragraph, but admit that thousands of pages of discovery were exchanged in DiPippo's civil rights litigation and depositions were taken, including of some of the individually named Defendants herein.

    a. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    b. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    c. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    d. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    e. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    f. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

    g. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Mr. Krivak's Conviction Is Finally Vacated, Despite PCDA's Ongoing Misconduct

266. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit the Second Department so reversed the trial court decision and order and remanded the matter for further proceedings.

267. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

268. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

269. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

270. Deny the allegations in this paragraph.

271. Deny the allegations in this paragraph.

272. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that on May 19, 2019 Krivak's conviction was vacated.

273. Admit.

274. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit in September 2020 the Second Department upheld Judge Zuckerman's ruling, and that PCDA's request for leave in December 2020 was denied.

275. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

***Despite the Overwhelming Evidence of Mr. Krivak's Innocence and Rampant Official Misconduct Tainting the Josette Wright Investigation and Mr. Krivak's Prosecution, PCDA Seeks to Maintain Mr. Krivak's Wrongful Conviction at All Costs***

276. Deny the allegations in this paragraph.

277. Deny the allegations in this paragraph, but admit that Plaintiff's conviction was vacated on January 9, 2023 and that he was acquitted on February 27, 2023.

278. Deny the allegations in this paragraph.

**Tendy Attempts to Taint the Jury Pool by Issuing an Unprompted "Press Release" Condemning Putnam County's Settlement of Mr. DiPippo's Civil Rights Case**

279. Admit.

280. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

281. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

282. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

283. Deny the allegations in this paragraph.

**PCDA Suppresses Exculpatory Recordings of Joseph Santoro's Jailhouse Communications Showing Gombert Did in Fact Confess to Santoro, Santoro's Prior Testimony Was Truthful, and Had Had No Motive to Lie**

284. Deny, except admit that Joseph Santoro was proffered by the defense as a witness.

285. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

286. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

287. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

288. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

289. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

290. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

291. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

292. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except deny that Santoro had no motive to lie.

293. Deny the allegations in this paragraph, except admit that a motion to disqualify was filed on or about May 20, 2021.

294. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

295. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

296. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

297. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

298. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

299. Deny the allegations in this paragraph.

**While Purportedly Reinvestigating Mr. Krivak's Case, PCDA, Tendy, Glasser, Krauss, and Cilento Instead Engaged in Witness Intimidation and Coercion to Ensure that Mr. Krivak Would Again Be Wrongfully Convicted**

300. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

301. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

302. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

303. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

304. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

305. Deny the allegations in this paragraph.

**PCDA Failed to Disclose Numerous Police Personnel Files That Were Impeaching and Exculpatory, In Violation of the Law and Court Orders**

306.     This allegation is a conclusion of law and requires no response and refer all questions of law to this Honorable Court.

307.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

308.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

309.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

310.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

311.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

312.     Deny the allegations in this paragraph.

**PCDA Suppressed Information Relating to Defendant Castaldo's Threatening Another Suspect During an Interrogation**

313.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

314.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

315.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

316.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

317.     Deny the allegations in this paragraph.

**PCDA Used Defendant York to Try to Improperly Influence the Trial Judge Through an Ex Parte Communication at Mr. Krivak's Retrial**

318.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that York previously served as Putnam County's Chief Assistant District Attorney and was involved in DiPippo's 2012 prosecution and trial that resulted in a conviction later overturned by the Court of Appeals.

319.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

320.     Deny the allegations as set forth in this paragraph.

321.     Deny the allegations as set forth in this paragraph.

322.     Deny the allegations as set forth in this paragraph.

323.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

324.     Deny the allegations as set forth in this paragraph.

325.     Deny the allegations as set forth this paragraph.

**PCDA Pressured and Harassed the Mother of a Defense Witness to Provide False Testimony, and Then Suppressed Communications with this Witness**

326.     Deny the allegations as set forth in this paragraph.

327.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

328.     Deny the allegations as set forth in this paragraph.

329.     Deny the allegations as set forth in this paragraph.

330.     Deny the allegations as set forth in this paragraph.

331. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

332. Deny the allegations in this paragraph.

**Throughout Mr. Krivak's Retrial, Tendy and Glasser Suborned Perjury, Failed to Correct False Testimony, and Made Material, False Misrepresentations to the Court and Mr. Krivak's Counsel**

333.     Deny the allegations in this paragraph.

334.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

335.     Deny the allegations as set forth in this paragraph.

336.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

337.     Deny the allegations as set forth in this paragraph.

338.     Deny the allegations in this paragraph.

*Despite These and Other Acts of Egregious Misconduct by PCDA and PCSD Beginning with the Original Investigation and Continuing through His Retrial, Mr. Krivak is Finally Acquitted, Resulting in Defendant Glasser Being Punished by Defendant Tendy*

339.     Deny, except admit that a jury acquitted Plaintiff on February 27, 2023.

340.     Deny the allegations as set forth in this paragraph.

## DAMAGES

341.     Deny the allegations in this paragraph but admit that Plaintiff was incarcerated for more than 24 years following his conviction.

342.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

343.     Deny the allegations as set forth in this paragraph.

344.     Deny the allegations as set forth in this paragraph.

345.     Deny the allegations as set forth in this paragraph.

346.     Deny the allegations as set forth in this paragraph, except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to Krivak's physical, mental, emotional, and psychological condition.

347.     Deny the allegations as set forth in this paragraph.

348.    Deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

## FEDERAL CAUSES OF ACTION
### COUNT I
### 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments

349.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

350.    Deny the allegations in this paragraph.

351.    Deny the allegations in this paragraph.

352.    Deny the allegations in this paragraph.

353.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted of these charges.

354.    Admit.

355.    Deny the allegations in this paragraph and refer all questions of law to this Honorable Court.

356.    Deny the allegations in this paragraph.

## COUNT II
### 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation in Violation of the Fourteenth Amendment

357.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

358.    Deny the allegations in this paragraph.

359.    Deny the allegations in this paragraph.

360.    Deny the allegations in this paragraph.

361.    Deny the allegations in this paragraph.

362.    Deny the allegations in this paragraph.

363.     Deny the allegations in this paragraph and refer questions of law to this Honorable Court.

364.     Deny the allegations in this paragraph.

**COUNT III**
**42 U.S.C. § 1983 Failure to Intervene**

365.     Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

366.     Deny the allegations in this paragraph.

367.     Deny the allegations in this paragraph and refer questions of law to this Honorable Court.

368.     Deny the allegations in this paragraph.

**COUNT IV**
**42 U.S.C. § 1983 Civil Rights Conspiracy**

369.     Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

370.     Deny the allegations in this paragraph.

371.     Deny the allegations in this paragraph.

   a.     Deny the allegations in this paragraph.

   b.     Deny the allegations in this paragraph.

   c.     Deny the allegations in this paragraph.

   d.     Deny the allegations in this paragraph.

   e.     Deny the allegations in this paragraph.

372.     Deny the allegations in this paragraph.

373.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted of these charges and the prosecution terminated in his favor.

374.     Deny the allegations in this paragraph.

**COUNT V**
**42 U.S.C. § 1983 Coercion**

375.     Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

376.     Deny the allegations in this paragraph.

377.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, but admit that Plaintiff was acquitted of these charges and the prosecution terminated in his favor.

378.     Deny the allegations in this paragraph.

**COUNT VI**
**42 U.S.C. § 1983 Supervisory Liability Claim**

379.     Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

380.     Deny the allegations in this paragraph.

381.     Deny the allegations in this paragraph.

382.     Deny the allegations in this paragraph.

383.     Deny the allegations in this paragraph.

384.     Deny the allegations in this paragraph.

**COUNT VII**
**42 U.S.C. § 1983 Monell Claim**
***Against Defendant Putnam County for the Acts and Omissions of PCDA***

385.     Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

386.     Deny the allegations in this paragraph.

      a.     Deny the allegations in this paragraph.

      b.     Deny the allegations in this paragraph.

387.     Deny the allegations in this paragraph.

      a.     Deny the allegations in this paragraph.

b.      Deny the allegations in this paragraph.

c.      Deny the allegations in this paragraph.

d.      Deny the allegations in this paragraph.

388.    Deny the allegations in this paragraph.

a.      Deny the allegations in this paragraph.

b.      Deny the allegations in this paragraph.

389.    Deny the allegations in this paragraph.

390.    Deny the allegations in this paragraph.

391.    Deny the allegations in this paragraph.

392.    Deny the allegations as set forth in this paragraph.

393.    Deny the allegations in this paragraph.

394.    Deny the allegations in this paragraph.

395.    Deny the allegations in this paragraph.

396.    Deny the allegations in this paragraph.

397.    Deny the allegations in this paragraph.

398.    Deny the allegations as set forth in this paragraph and refer all questions of law to this Honorable Court.

399.    Deny the allegations as set forth in this paragraph and refer all questions of law to this Honorable Court.

400.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

401.    Deny the allegations as set forth in this paragraph and refer all questions of law to this Honorable Court.

402.    Deny the allegations as set forth in this paragraph and refer all questions of law to this Honorable Court.

403.    Deny the allegations as set forth in this paragraph and refer all questions of law to this Honorable Court.

404.    Deny the allegations in this paragraph.

## COUNT VIII
### 42 U.S.C. § 1983 Monell Claim
*Against Defendant Putnam County for the Acts and Omissions of PCSD*

405.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

406.    Deny the allegations as set forth in the paragraph.

407.    Deny the allegations in this paragraph.

408.    Deny the allegations in this paragraph.

409.    Deny the allegations in this paragraph.

410.    Deny the allegations in this paragraph.

411.    Deny the allegations in this paragraph.

412.    Deny the allegations in this paragraph.

## STATE CAUSES OF ACTION
### COUNT IX
### Malicious Prosecution Under New York State Law

413.    Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

414.    Deny the allegations in this paragraph, but admit that Plaintiff was acquitted and the prosecution terminated in his favor.

415.    Deny the allegations in this paragraph.

416.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

417.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

418.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

419.     Deny the allegations as set forth in this paragraph and refer all questions of law to this Honorable Court.

<u>**COUNT X**</u>
**Respondeat Superior Liability**
*Against Defendant Putnam County*

420.     Defendants repeat and reallege each response to the foregoing paragraphs as if fully set forth herein.

421.     Deny the allegations in this paragraph.

422.     Deny the allegations in this paragraph and refer all questions of law to this Honorable Court.

423.     Deny the allegations in this paragraph.

The remaining portion of the Complaint is a Prayer for Relief and requires no response from the answering Defendant. To the extent a response is required the answering Defendant requests a trial by jury and that the Court deny Plaintiff's prayer for relief in its entirety.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**</u>

424.     Plaintiff fails to state a claim upon which relief may be granted.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**</u>

425.     Defendant acted in good faith and took appropriate action in the discharge of its official duties.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**</u>

426.     Defendant is entitled to qualified immunity under federal and state law.

<u>**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**</u>

427.     Defendant acted in accordance with all laws, rules, regulations and pursuant to its statutory authority.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

428.    Any conduct which is alleged by Plaintiff is *de minimis* and as such the allegations fail to establish a claim under 42 U.S.C. § 1983.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

429.    Any harm which came to Plaintiff was a direct and proximate result of Plaintiff's own actions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

430.    Plaintiff failed to mitigate his damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

431.    Plaintiff failed to comply with N.Y. Gen. Mun. Law § 50-e *et seq.* with respect to one or more claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

432.    One or more of Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

433.    Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

434.    Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening and/or superseding conduct of persons or entities over whom the Defendant did not have control and for whose conduct the Defendant is not liable, and/or was not the proximate result of any act of the Defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

435.    Defendant acted reasonably, properly, and in the lawful exercise of its discretion.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

436.     Any past or future expenses incurred, or to be incurred by Plaintiff for medical care, psychological care, loss of earnings, or other economic loss has been, or will be, replaced or indemnified in whole or in part from a collateral source, as defined in N.Y. C.P.L.R. 4545(c) and, consequently, if any damages are recoverable against the answering defendants then the amount of such damages must be diminished by the amount that Plaintiff received, or will receive, from the collateral source.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

437.     If Plaintiff obtains a verdict against the answering Defendant, then the answering Defendant is entitled to all rights, remedies and setoff of damages pursuant to Article 15 of New York's General Obligations Law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

438.     Plaintiff failed to comply with New York County Law § 52 with respect to one or more claims.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

439.     Defendant is entitled to limitations of liability pursuant to New York C.P.L.R. Article 16.

**WHEREFORE,** Defendant Putnam County prays for judgment that Plaintiff's Complaint be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the Defendant.

Dated: White Plains, New York
      November 17, 2023

Respectfully submitted,

PORTALE RANDAZZO LLP

 /s/ James A. Randazzo    
James A. Randazzo
Drew W. Sumner
*Attorneys for Defendant, Putnam County*

245 Main Street, Suite 605
White Plains, NY 10601

To: Counsel of record via ECF.