# PORTALE | RANDAZZO

March 29, 2024

**Via ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

      Re:    Andrew Krivak, Jr. v. Putnam County, et al.
             23 Civ. 6960 (KMK)

Dear Judge Karas:

      This firm represents the County of Putnam, Sheriff Robert Thoubboron, Investigators Harold Turner, Daniel Stephens, Patrick Castaldo, William Quick, John Daniel Rees, and William Asher, Putnam County District Attorneys Robert V. Tendy and Kevin Wright, and Putnam County Assistant District Attorneys Larry Glasser, Chana Krauss and Christopher York, and District Attorney Investigator Ralph Cilento (the "Putnam County Defendants") in the above-mentioned matter. I write today in response to Plaintiff's counsel's letter motion, dated March 15, 2024, raising issues related to potential conflicts of interest in this firm's representation of the above-mentioned defendants.

      As mentioned in our letter dated March 20, 2024, the County and the County's insurance carrier have been communicating regarding potential conflicts of interest and, upon information and belief, a new attorney and firm is soon expected to file a notice of appearance on the County's behalf. We further understand that the incoming attorney will also evaluate the potential conflict of interest issues raised in Plaintiff's letter as it relates to representing the County and Putnam County District Attorneys Robert V. Tendy and Kevin Wright, Putnam County Assistant District Attorneys Larry Glasser, Chana Krauss and Christopher York, and District Attorney Investigator Ralph Cilento (the "PCDA Defendants"). This firm will continue to represent the individual Putnam County Sheriff's Department defendants, namely, Sheriff Robert Thoubboron, Investigators Harold Turner, Daniel Stephens, Patrick Castaldo, William Quick, John Daniel Rees, and William Asher (the "PCSD Defendants").

      As the Court may be aware, this firm also represented many of the PCSD Defendants in Anthony DiPippo's § 1983 lawsuit against the County and many of the PCSD Defendants. More specifically, in Mr. DiPippo's suit, we represented Sheriff Thoubboron, Investigators Stephens, Castaldo and Quick as individually named defendants, while we represented Investigators Turner

and Rees when they appeared for non-party depositions. Investigator Asher was not a named defendant, and was not deposed, in Mr. DiPippo's lawsuit. Based upon our representation of these individuals in the DiPippo matter, we are unaware of any conflict of interest that would preclude this firm's continued representation of these PCSD Defendants in this action.

The Court should also note that Portale Randazzo LLP is the only firm that represents any Defendants in this action, and will be the firm representing the PCSD Defendants moving forward. Drew W. Sumner is of counsel to Portale Randazzo LLP, while I am one of the principal partners of the firm, and both of our notices of appearance in this action were filed under the Portale Randazzo LLP firm. Sumner Law LLP does not represent any parties in this litigation and no attorney has entered an appearance under Sumner Law LLP.

Disqualification of Portale Randazzo LLP's attorneys is unwarranted under the facts and circumstances of this litigation, particularly in light of incoming counsel that will substitute as attorneys for, at a minimum, the County, with further evaluation to be conducted by incoming counsel as to whether any conflicts exist that require separate representation for any of the PCDA Defendants. Further, disqualification is premature at this stage because concurrent representation of the PCSD Defendants is permitted under New York's Rules of Professional Conduct provided that "each affected client gives informed consent, confirmed in writing." *See* 22 NYCRR § 1200, Rule 1.7(a). If such written waivers are necessary, or if the Court requests, then we will undertake to obtain them from each affected client.

On behalf of the Putnam County Defendants, we respectfully submit that the Court should consider holding any pre-motion conference in abeyance, at least until incoming counsel is substituted for the County and the PCDA Defendants, as substitution by one, or more, attorneys for the County and PCDA Defendants may moot some, if not all, of the conflict issues raised by Plaintiff's counsel. The Putnam County Defendants further submit that incoming counsel for the County, after filing a notice of appearance and substitution of counsel, and after evaluating potential conflicts between and among the County and the PCDA Defendants, submit a status report to the Court summarizing their conclusions related to the conflict issues raised and advising the Court on the scope of their representation of the County and/or PCDA Defendants, including whether or not any additional set(s) of counsel will substitute as attorneys for any or all of the PCDA Defendants.

Thank you for Your Honor's attention and courtesy.

Respectfully submitted,

/s/ James A. Randazzo

James A. Randazzo

cc:   Counsel of record via ECF.

  Denise Rose
  1765 Kingston Street
  Titusville, FL 32780