# PORTALE | RANDAZZO

May 7, 2024

**Via ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10606

    Re:  Andrew Krivak, Jr. v. Putnam County, et al.
       23 Civ. 6960 (KMK)

Dear Judge Karas:

  This firm represents Putnam County's former Sheriff Robert Thoubboron, Investigators Harold Turner, Daniel Stephens, Patrick Castaldo, William Quick, John Daniel Rees, and William Asher, (the "PCSD Defendants") in the above-mentioned matter. I write today in response to Plaintiff's counsel's letter motion, dated April 29, 2024, concerning purported conflicts of interest in this firm's continued representation of the PCSD Defendants.

  As the Court is aware, in our last correspondence concerning these issues, dated March 20, 2024, we advised that Putnam County and the County's insurance carrier were communicating regarding potential conflicts of interest in our former joint representation of the PCSD Defendants, Putnam County, and the individually named Putnam County District Attorney's Office defendants, Robert V. Tendy, Kevin Wright, Chana Krauss, Larry Glasser, Christopher York, and Ralph Cilento (the "PCDAO Defendants"). Since that time, Silverman & Associates LLP substituted in our stead as counsel to Putnam County and Morris Duffy Alonso Faley & Pitcoff LLP substituted in as counsel to the PCDAO Defendants. Lew Silverman, counsel for the County, confirmed that the County consents to this firm's continued representation of the PCSD Defendants, while counsel for the PCDAO Defendants advised that they will address our continued representation of the PCSD Defendants with their clients.

  Further, our office has reviewed the potential conflicts raised by Plaintiff's counsel, among them, including (1) allegedly conflicting testimony among Investigators Stephens, Castaldo, and Quick, related to a polygraph administered by Stephens of Plaintiff and Plaintiff's written confession drafted after the polygraph; and (2) Investigator Turner's deposition testimony in *DiPippo v. Putnam County, et al.*, 17-cv-7948 (NSR), (S.D.N.Y.), related to his understanding of *Brady* and *Giglio* obligations during the underlying investigation into Josette Wright's murder and subsequent prosecution of DiPippo and Plaintiff Krivak from 1995-1997. As to the alleged

conflicting testimony of Stephens compared to Castaldo and Quick, there is no conflict that precludes our joint representation of these defendants. Similarly, now that Putnam County is represented by separate counsel, there is no conflict inherent in our representation of Turner.

Lastly, our continued representation of the PCSD Defendants is not precluded by, as Plaintiff argues, our past representation of the County or the PCDAO Defendants. As stated above, the County consents to our continued representation of the PCSD Defendants and does so with knowledge of our past representation of the PCSD Defendants (except for Asher) in the *DiPippo* litigation and this matter.[1] Further, the parties have engaged in limited discovery in this matter and, aside from a motion to dismiss and their respective answers, have taken no other positions or defenses that give rise to an un-waivable conflict. Substituted counsel for the PCDAO Defendants will be addressing our continued representation with their clients and has requested a two week extension to respond to Plaintiff's letter motion.

On behalf of the PCSD Defendants, we respectfully submit that the Court should continue to hold any pre-motion conference in abeyance, until new counsel for the PCDAO Defendants has sufficient time to meet with their clients and advise of their position concerning our continued representation of the PCSD Defendants.

Thank you for Your Honor's attention and courtesy.

Respectfully submitted,

/s/ James A. Randazzo

James A. Randazzo

cc:     Counsel of record via ECF.

Denise Rose
1765 Kingston Street
Titusville, FL 32780

---

[1] As previously advised, we represented Putnam County, Thoubboron, Stephens, Castaldo, and Quick as named defendants in the *DiPippo* matter. We also represented Turner and Rees for their non-party depositions. Asher was not a named defendant and was not deposed in *DiPippo*. No objections to our joint representation of these Defendants or non-party witnesses were raised in *DiPippo*.