UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ANDREW KRIVAK, JR.,

Plaintiff,

-against- 23-CV-06960 (KMK)

PUTNAM COUNTY; Putnam County Sheriff's Department Sheriff ROBERT THOUBBORON, in his individual capacity; Putnam County Sheriff's Department Officers HAROLD TURNER, DANIEL STEPHENS, PATRICK CASTALDO, WILLIAM QUICK, JOHN DANIEL REES, WILLIAM ASHER in their individual capacities; Putnam County District Attorneys ROBERT V. TENDY and KEVIN WRIGHT, in their individual capacities; Putnam County Assistant District Attorneys LARRY GLASSER; CHANA KRAUSS; and CHRISTOPHER YORK, in their individual capacities; District Attorney Investigator RALPH CILENTO in his individual capacity; and DENISE ROSE,

Defendants.
---------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

**SILVERMAN & ASSOCIATES**

By: ______________________
Stan Sharovskiy, Esq.
*Attorneys for Defendant Putnam County*
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510

# TABLE OF CONTENTS

Page(s)

**TABLE OF AUTHORITIES** ....................................ii

**PRELIMINARY STATEMENT** ....................................1

**LEGAL ARGUMENT** ....................................3

**POINT I**

**PLAINTIFF'S FAILURE TO REQUEST A PRE-MOTION CONFERENCE IN CONNECTION WITH THE INSTANT MOTION TO DISQUALIFY WARRANTS ITS DENIAL** ....................................3

**POINT II**

**PLAINTIFF FAILS TO ESTABLISH THAT DISQUALIFICATION IS WARRANTED UNDER THE RULE AGAINST SUCCESSIVE REPRESENTATION** ....................................5

A. Standards Governing Disqualification under Rule 1.9 of the New York Rules of Professional Conduct ....................................5

B. Plaintiff's Arguable Lack of Standing to Seek Disqualification ........6

C. Plaintiff Has Not Demonstrated that the County's Interests are Materially Adverse to Castaldo ....................................8

D. Plaintiff Has Not Demonstrated that this Litigation and the *Hossu* Litigation are Substantially Related ....................................9

**CONCLUSION** ....................................11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Benevida Foods, LLC v. Advance Magazine Publishers Inc.*
2016 WL 3453342 (S.D.N.Y. Jun. 15, 2016) ..........................7, fn2

*Doe 1 v. JPMorgan Chase, N.A.*
2023 WL 3383724 (S.D.N.Y. May 11, 2023) ..........................7-8

*Dumbo v. Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC*
2024 WL 3085052 (S.D.N.Y. Jun. 20, 2024) ..........................5

*Dunton v. County of Suffolk*
729 F.2d 903 (2d Cir. 1984) ..........................4,9

*Fierro v. Gallucci*
2007 WL 4287707 (E.D.N.Y. Dec. 4, 2007) ..........................7, fn2

*FRHUEB, Inc. v. De Freitas Abdala*
2021 WL 6053862 (S.D.N.Y. Dec. 21, 2021) ..........................6

*Hempstead Video, Inc. v. Incorporated Village of Valley Stream*
409 F.3d 127 (2d Cir. 2005) ..........................5,6

*Hull v. Celanese Corp.*
513 F.2d 568 (2d Cir. 1975) ..........................7

*In r OSG Securities Litigation*
12 F. Supp.3d 619 (S.D.N.Y. 2014) ..........................8

*NCK Organization Ltd. v. Bregman*
542 F.2d 128 (2d Cir. 1976) ..........................7

*Nike, Inc. v. Lululemon USA Inc.*
2023 WL 5938942 (S.D.N.Y. May 1, 2023) ..........................6

*Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*
687 F. Supp. 2d 381 (S.D.N.Y. 2010) ..........................5,6,10

*Rodriquez v. City of New York*
2016 WL 3264166 (E.D.N.Y. Jun. 13, 2016) ..........................8

*Satina v. New York City Human Resources Admin.*
2015 WL 6681203 (S.D.N.Y. Nov. 2, 2015) ..........................8

*Streichert v. Town of Chester, New York*
2021 WL 735475 (S.D.N.Y. Feb. 25, 2021) ……………………………6,8,9

*United States v. Rogers*
9 F.3d 1025 (2d Cir. 1993) ……………………………..8

*Zalewski v. Shelroc Holmes, LLC*
856 F.Supp.2d 426 (N.D.N.Y. 2012) ………………………..7, fn2

**Statutes and Rules**

N.Y. R. Prof'l Conduct 1.9(a) ……………………………..5

## PRELIMINARY STATEMENT

Plaintiff Andrew Krivak, Jr. ("Plaintiff") moves to have our firm disqualified from representing Defendant County of Putnam (the "County"), alleging a conflict of interest. Plaintiff argues that because our firm previously represented co-Defendant Patrick Castaldo ("Castaldo"), a Putnam County Sheriff's Investigator, in an unrelated 2016 lawsuit[1] alleging unproven claims of false arrest and malicious prosecution, we cannot represent the County in this case. Plaintiff argues that our firm stands in violation of Rule 1.9 of the New York Rules of Professional Conduct, which prohibits successive representations, and must be disqualified.

In support of his motion, Plaintiff implausibly asserts that he intends to rely upon the unproven allegations from the 2016 lawsuit "as proof" of the County's liability *in this case*. Not only does Plaintiff claim he intends to rely upon a series of unproven allegations from a prior, unrelated case, he also claims he will rely on the fact that the prior case was settled to establish the County's liability. In this way, Plaintiff attempts to pit the County (the current client) against Castaldo (the former client). Based on this entirely superficial attempt to construct an adversarial stand-off, Plaintiff argues that by defending the County, our firm will necessarily have to throw Castaldo under the proverbial bus --- presumably, with the aid of the confidences obtained from Castaldo throughout the course of the prior representation in an entirely unrelated case.

As an initial matter, Plaintiff's motion should be denied outright, on procedural grounds, as Plaintiff failed to comply with this Court's Individual Rules of Practice by neglecting to submit a pre-motion letter setting forth the basis for the motion and, as a result, unfairly depriving our

---

[1] In 2016, our firm was retained to represent Patrick Castaldo in the case *Hossu v. County of Putnam, et al.,* 16-CV-02027 (CS) (S.D.N.Y. 2016). In *Hossu,* Plaintiff alleged that Castaldo's role in a 2013 Putnam County Sheriff's investigation of a child rape led to his false arrest, indictment, and imprisonment. Plaintiff alleged claims for false arrest and malicious prosecution under 42 U.S.C. § 1983. Ultimately, the matter was settled in 2019, without any findings of liability against any party.

firm of an opportunity to respond --- at which point, quite frankly, the speciousness of the motion would have been made clear without the need for formal briefing.

Second, Plaintiff is not in any position to seek disqualification. Castaldo, a former client, is not only represented by separate counsel in this case but, more importantly, has not raised any issues or concerns regarding our firm's prior representation of him in the 2016 litigation insofar as it may bear upon the disposition of any issues in this case. Because the purpose of the ethical rule barring successive representations is to protect *the former client*, Plaintiff's feigned concerns of an existing conflict, tactically interposed on behalf of a former client with no objections of his own, warrants denial of the motion.

Third, even if Plaintiff was the right party to seek disqualification, a lawyer's successive representations warrant disqualification only when the prior and current matters bear a substantial relationship to one another. That is, the facts of the prior and current cases must be nearly identical, not merely the claims or legal theories advanced.

The reason for the above rule is simple --- a former client seeking disqualification should not be required to disclose to the world the confidences that his former attorney (and, currently, his adversary) is likely to use against him. To militate against the disclosure of such confidences, a presumption arises that such information was obtained during the prior representation and will be used to the disadvantage of the former client where the prior and current matters are factually related. In other words, the requirement of a substantial relationship is used in lieu of an intrusive and impractical investigation concerning what may or may not have been previously disclosed by a client to their lawyer.

Conversely, without a substantial factual relationship, there is no concern that the facts a client may have previously disclosed will be used against that client in a subsequent legal proceeding --- and, thus, no basis for disqualifying counsel.

Here, Plaintiff makes no attempt to demonstrate such a substantial relationship and, instead, relies on nothing more than the fact that similar legal claims were alleged in the prior matter as are being alleged in the current case. However, the facts at issue in the two cases are not only entirely distinct, but the events litigated are separated by decades. Apart from the parties (i.e., Castaldo and the County of Putnam), there is absolutely no connection between any of the underlying facts in this case (arising in part from allegations of Castaldo's investigative misconduct in 1994-1996 during a murder investigation as a result of which Plaintiff was arrested, tried, and convicted) and the 2016 litigation (arising from allegations of a mishandled 2013 investigation into an unrelated rape). Without a substantial relationship, there is absolutely no basis to conclude that confidential client information obtained in the 2016 case would be used against Castaldo in this case. As such, Plaintiff's motion to disqualify must be denied on this ground as well.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S FAILURE TO REQUEST A PRE-MOTION CONFERENCE IN CONNECTION WITH THE INSTANT MOTION TO DISQUALIFY WARRANTS ITS DENIAL

Prior to making any motion, subject to certain enumerated exceptions, this Court requires all moving parties to request a pre-motion conference. (*See* Individual Rules of Practice of Hon. Kenneth M. Karas, at Section II(A)) ("[A] pre-motion conference with the Court is required for making any motion[.]") Accordingly, to request a pre-motion conference, a moving party is first

required to submit a pre-motion letter "setting forth the basis of the anticipated motion." (*Id.*) Opposing parties are then required to submit a response. (*Id.*)

Here, Plaintiff's initial pre-motion letter, dated March 15, 2024, set forth Plaintiff's intention to move to disqualify the firm of Portale Randazzo LLP ("Portale Randazzo") as counsel for all Defendants, citing conflicts arising under *Dunton v. County of Suffolk*, 729 F.2d 903, 907 (2d Cir. 1984) ("After *Monell* the interests of a municipality and its employee as defendants in a section 1983 action are in conflict.") (*See* ECF Doc. No. 15.) In response, the Putnam County District Attorney ("PCDA") Defendants retained new counsel through Morris Duffy Alonso Faley & Pitcoff LLP ("MDAF"), while the County of Putnam retained our firm. (*See* ECF Doc. Nos. 92, 98.) Portale Randazzo remained counsel for the individual Putnam County Sheriff's Department ("PCSD") Defendants.

On April 29, 2024, evidently unsatisfied with getting exactly the relief he requested, Plaintiff filed a second pre-motion letter seeking to disqualify (1) Portale Randazzo for alleged conflicts arising from its prior representation of the PCSD Defendants in the related *DiPippo v. Putnam County*, et al., 17-cv-7948 (NSR) (S.D.N.Y.) litigation; and (2) MDAF due to alleged conflicts arising from its concurrent representation of the PCDA Defendants. (*See* ECF Doc. No. 95.) Portale Randazzo and MDAF filed letters in opposition and, subsequently, this Court granted Plaintiff permission to proceed with a motion regarding the conflict issues *raised in his pre-motion letter*. (*See* ECD Doc. Nos. 101, 103, and 104).

Notably absent from any of Plaintiff's pre-motion submissions, however, was any indication that Plaintiff intended, or had any legally cognizable basis, to move to disqualify our firm. After all, our firm was not involved in the *DiPippo* litigation and, representing only the County of Putnam here, no argument could be made that concurrent conflicts existed among

multiple clients. Worse still, Plaintiff's counsel never even bothered to confer or discuss with our firm any concerns of a purported conflict that was believed to have warranted disqualification arising from our firm's representation of Patrick Castaldo in the 2016 *Hossu* litigation.

Thus, apart from lacking any substantive merit (as will be set forth in greater detail below), Plaintiff's tactically interposed motion to disqualify our firm should be denied outright, on procedural grounds, as it was not properly raised in Plaintiff's pre-motion letter in accordance with this Court's rules. For this reason as well, costs incurred by this firm responding to this improper motion should be granted.

## POINT II

## PLAINTIFF FAILS TO ESTABLISH THAT DISQUALIFICATION IS WARRANTED UNDER THE RULE AGAINST SUCCESSIVE REPRESENTATION

### A. Standards Governing Disqualification under Rule 1.9 of the New York Rules of Professional Conduct

"In general, 'motions to disqualify counsel are disfavored and subject to a high standard of proof, in part because they can be used tactically as leverage in litigation.'" *Dumbo v. Moving & Storage, Inc. v. Piece of Cake Moving & Storage LLC*, 2024 WL 3085052, at *2 (S.D.N.Y. Jun. 20, 2024) (quoting *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010)). Although the New York Rules of Professional Conduct provide that an attorney is prohibited from successive representation where a current engagement places them in an adversarial posture against a former client, *see* N.Y. R. Prof'l Conduct 1.9(a), "such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." *See Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). "The Court's role, therefore, is not to police each and every violation of

professional rules, but rather to ensure that the proceeding before it is free from taint." *Streichert v. Town of Chester, New York*, 2021 WL 735475, at *4 (S.D.N.Y. Feb. 25, 2021) (Karas, J.).

Critically, "[t]he party seeking disqualification bears the burden of meeting a high standard of proof to show that disqualification is appropriate." *See FRHUEB, Inc. v. De Freitas Abdala*, 2021 WL 6053862, at *2 (S.D.N.Y. Dec. 21, 2021). "[A] party that ***merely articulates a suspicion of or future potential for conflict*** rather than a 'real risk that the trial will be tainted' will fail to meet its burden." *Id*. (quoting *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 388 (S.D.N.Y. 2010) (emphasis added).

Accordingly, "[w]here a movant seeks to disqualify the adverse party's counsel based on successive representation, disqualification is appropriate when: (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." *See Nike, Inc. v. Lululemon USA Inc.*, 2023 WL 5938942, at *1 (S.D.N.Y. May 1, 2023) (*citing Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)).

B. Plaintiff's Arguable Lack of Standing to Seek Disqualification

Because the bar against successive representation is intended to protect *former clients* from having the confidences they reposed in their attorneys used *against them* in a subsequent litigation, Plaintiff's strained attempt to slip into the shoes of Defendant Castaldo --- a former client of our firm that has not raised any objections to our representation of the County of Putnam in this case --- should be summarily rejected. To be sure, we have not located any authority, and Plaintiff has

supplied none, where a party which is not itself a former client has successfully moved to disqualify an adversary's attorney based upon that attorney's prior representation of a non-objecting co-defendant.

Although Plaintiff's memorandum of law in support of its motion to disqualify purports to cite several cases where disqualification was granted under circumstances similar to this case, not a single case, in fact, involved a motion initiated by a third-party with no ties to the attorney they were seeking to disqualify. *See NCK Organization Ltd. v. Bregman*, 542 F.2d 128, 130 (2d Cir. 1976) ("[T]he question presented is whether a law firm may represent a corporate officer against his former corporate employer when the firm and the client have both consulted with the former corporate house counsel on subjects at issue in the suit and the latter's testimony may bear on those issues.); *Hull v. Celanese Corp.*, 513 F.2d 568, 569 (2d Cir. 1975) ("The question at issue is whether a law firm can take on, as a client, a lawyer for the opposing party in the very litigation against the opposing party.")[2]

Indeed, the dearth of such authority is not surprising since courts in the Second Circuit have generally interpreted disqualification under the bar against successive representation to require that the movant be the former client. *See Doe 1 v. JPMorgan Chase, N.A.,* 2023 WL

---

[2] *See also.Zalewski v. Shelroc Holmes, LLC*, 856 F.Supp.2d 426, 431 (N.D.N.Y. 2012) ("Defendants' central theme in filing this Motion is that they had entered into a prospective attorney-client relationship with [Plaintiffs' counsel] when they discussed details about their defense in the earlier, related lawsuit initiated by the Plaintiffs. As noted above, the Defendants assert that [counsel] now represents Plaintiffs on virtually identical claims against the Defendants. Defendants argue that [Plaintiffs' counsel] should be disqualified from representing the Plaintiffs based upon his receipt of privileged, confidential communication from them during an attorney-client relationship, albeit brief, that occurred prior to the commencement of the present lawsuit.") (internal quotations and citations omitted); *Fierro v. Gallucci*, 2007 WL 4287707, at *1 (E.D.N.Y. Dec. 4, 2007) ("Plaintiffs now move to disqualify defendants' counsel … because, according to [Plaintiff], he consulted with a member of the [defendants' counsel's] Firm almost two years prior to bringing this lawsuit about the subject matter of this lawsuit."); *Benevida Foods, LLC v. Advance Magazine Publishers Inc.,* 2016 WL 3453342, at *1 (S.D.N.Y. Jun. 15, 2016) ("Plaintiff maintains that it considered retaining the Kaufmann Firm to represent it in this case, and, as a prospective client of that firm, it engaged in several in-depth conversations with the firm, disclosing sensitive and confidential information. Then, however, after Plaintiff decided not to go forward with the engagement, an attorney with the Sabin Firm, Defendant's long-time outside counsel, retained the Kaufmann Firm on Defendant's behalf to work on the same case, on Defendant's side.).

3383724, at *1 (S.D.N.Y. May 11, 2023) ("'As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'") (quoting *United States v. Rogers*, 9 F.3d 1025, 1031 (2d Cir. 1993)); *see also Satina v. New York City Human Resources Admin.,* 2015 WL 6681203, at *2 (S.D.N.Y. Nov. 2, 2015) ("[N]o Second Circuit case has ever approved of such third-party disqualification motions."). And, although this very Court previously declined to adopt such a categorical prohibition on third parties moving to disqualify an adversary's attorney --- noting, perspicaciously, that higher courts have not explicitly settled the issue, *see Streichert,* 2021 WL 735475, at *9 --- it is clear, at the very least, that Plaintiff is requesting relief that a third-party, in similar circumstances, has never been granted in the Second Circuit. Certainly, Plaintiff's interloper status vis-à-vis our firm's prior representation of co-Defendant Castaldo places it in the most dubious position to seek disqualification.

C. Plaintiff Has Not Demonstrated that the County's Interests are Materially Adverse to Castaldo

Even assuming Plaintiff has standing to seek disqualification, Plaintiff fails to demonstrate how the County's interests in this litigation are "materially adverse" to Castaldo. *See Streichert*, 2021 WL 735475, at *10. On this front, Plaintiff spuriously asserts that Castaldo's alleged misconduct in the *Hossu* litigation, and the subsequent settlement of the claims, will be "critical proof of a *Monell* claim against the County." (*See* Pltf. Mem. of Law, at p. 15.) However, it is well-settled that prior unproven allegations and settlement agreements, while sufficient for pleading purposes to allege the existence of municipal policies, are not admissible as evidence of liability at trial. *See In r OSG Securities Litigation*, 12 F. Supp.3d 619, 622 (S.D.N.Y. 2014); *see also Rodriquez v. City of New York*, 2016 WL 3264166, at *3 (E.D.N.Y. Jun. 13, 2016).

Moreover, the County has not taken the position, nor raised the affirmative defense, that Castaldo's alleged conduct in this case was outside the scope of his employment, thus eliminating

any arguable source of adversity under the holding in *Dunton v. City of New York*, 729 F.2d 903 (2d Cir. 1984), which, unlike here, was decided in the context of a conflict arising from the *concurrent* representation of a municipality and a police officer employee in an action alleging claims under 42 U.S.C. § 1983.

Plaintiff argues that "prior representation [of Castaldo] presents a critical risk that Silverman & Associates could use one client's confidential information to the other client's detriment, violating the duty of loyalty to the other client." Here, yet again, Plaintiff fails to articulate any specific "risk." To the extent Plaintiff is referring to our firm's potential for cross-examining Castaldo during the course of this litigation, such a risk in and of itself does not constitute "material adversity" sufficient to warrant disqualification. *See Streichert*, 2021 WL 735475, at *11. Indeed, any arguably "confidential" information pertaining to Castaldo's alleged conduct in the prior *Hossu* litigation (assuming, without conceding, that such information would be relevant *in this case*) would be disclosed throughout the course of discovery, thus mitigating any risk that truly confidential or otherwise privileged information would be used against Castaldo to secure an advantage in favor of the County. *Id*.

Simply put, Plaintiff's baseless prognostications about hypothetical future events are not a basis upon which to disqualify our firm from representing the County in this case, especially in the absence of any such concerns raised by Castaldo, the former client.

D. Plaintiff Has Not Demonstrated that this Litigation and the *Hossu* Litigation are Substantially Related

"[T]he Second Circuit has determined that as a practical matter, motions to disqualify should be granted only when the relationship between issues in the prior and present cases is patently clear or that the issues involved are identical or essentially the same." *See Network Apps, LLC v. AT&T Mobility LLC*, 598 F.Supp.3d 118, 129 (S.D.N.Y. 2022) (internal quotations and

citations omitted) (alterations in original). Pointedly, "[i]t is the congruence of *factual* matters, rather than areas of law, that establishes a substantial relationship between representations for disqualification purposes." *Id*. (quoting *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 392 (S.D.N.Y. 2010)) (emphasis in original). "Where both the prior and present representations involve litigation, there is a substantial relationship between the representations for purposes of a disqualification motion where 'the facts giving rise to an issue which is material in both the former and the present litigations are as a practical matter the same.'" *Id*. (quoting *Revise Clothing*, 687 F.Supp.2d at 392).

Here, it is clear that there is no connection whatsoever between the facts of the instant case and the *Hossu* litigation. The claims against Castaldo in this case arise from conduct that allegedly occurred between 1994 and 1996, in connection with Castaldo's participation in the Putnam County Sheriff's Office's investigation of the murder of Josette Wright. (*See* Compl. at ¶¶ 80-235.) Plaintiff alleges that Castaldo's misconduct during the course of the investigation resulted in him being falsely arrested, convicted, and subsequently imprisoned for the murder of Wright in 1997. (*Id*.)

The claims in *Hossu*, on the other hand, concerned Castaldo's 2013 investigation into the rape of a minor girl which allegedly resulted in the false arrest of plaintiff Alexandru Hossu, who was ultimately acquitted at trial. (*See* Pltf. Ex. 6.) Hossu alleged that his arrest and prosecution was politically motivated and that former Putnam County Sheriff Donald Smith, running for re-election in 2013, conspired to prosecute Hossu due to his association with political rival Adam Levy, then the Putnam County District Attorney. (*Id*.)

Stated simply, there is no relation between the two cases at all. Notably, the conduct that forms the basis for the claims against Castaldo in the *Hossu* litigation post-dates the allegedly

unlawful conduct in this case *by nearly 20 years*. Apart from the mere fact that Castaldo is alleged in both cases of having engaged in some form of investigatory misconduct, the two investigations are not related in any way. Moreover, given the immense span of time separating the two investigations, it is completely absurd for Plaintiff to argue, as he attempts, that Castaldo's conduct in 2013 would be in an any manner probative or relevant to establishing the County's policies and procedures, for purposes of establishing *Monell* liability, in 1994-1996.

Even if Plaintiff's transparent attempt to manufacture a conflict through reverse causation were not implausible on its face (time travel being widely understood to be impossible), pointing to the mere existence of lawsuits alleging misconduct or constitutional violations, especially when those claims were settled without any finding of liability, is not sufficient to establish a custom or policy upon which to find the County liable under *Monell*. *See Harris v. City of Newburgh*, 2017 WL 4334141, at *5 (S.D.N.Y. Sep. 27, 2017) (Karas, J.).

Apart from the absence of any connection occasioned by the temporal gulf between the two unrelated lawsuits, there is also no overlap in any of the subjects or witnesses in the two investigations at issue; there is no connection between the criminal charges or proof offered in either case; and, there is no connection between the trials. In short, no factual issue litigated in the *Hossu* case relates in any manner to the claims being litigated in this case --- and, to be sure, Plaintiff does not even attempt to argue otherwise.

**<u>CONCLUSION</u>**

For all of the reasons set forth above, Plaintiff's motion to disqualify our firm from the continued representation of the County of Putnam must be denied in its entirety. Further, costs should be awarded to this firm in responding to the motion.

Dated: White Plains, New York
July 24, 2024

Respectfully submitted,

**SILVERMAN & ASSOCIATES**

By: ______________________
Stan Sharovskiy, Esq.
*Attorneys for Defendant Putnam County*
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510